**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000212
30-NOV-2012
07:58 AM**

NO. CAAP-10-0000212

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SAGE MILLION, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 08-1-0023)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Ginoza, J.;
and Reifurth, J., dissenting)

Defendant-Appellant Sage Million (**Million**) appeals from a December 16, 2010 Amended Judgment of Conviction and Probation Sentence (**Amended Judgment**), entered by Circuit Court of the Third Circuit (**Circuit Court**).[1]/ Following a jury trial, Million was found guilty of: (1) Count 1 - Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 707-715(1) and 707-716(1); (2) Count 4 - Reckless Driving of Vehicle, in violation of HRS § 291-2; and (3) Count 5 - Criminal Property Damage in the Fourth Degree, in violation of HRS § 708-823.

On appeal, Million raises two points of error, contending that: (1) the Circuit Court erred in concluding that Million knowingly and intelligently waived his constitutional

---

[1]/ The Honorable Greg K. Nakamura presided.

right to counsel; and (2) the Circuit Court's instruction to the jury on self-defense was plainly erroneous.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Million's points of error as follows:

In State v. Dickson, 4 Haw. App. 614, 673 P.2d 1036 (1983), this court held that "[t]he trial court is initially charged with the function of assuring that the defendant's waiver of counsel is made knowingly and intelligently and that the record is complete so as to reflect that waiver." Id. at 619, 673 P.2d at 1041. "The trial court should first examine the particular facts and circumstances relating to the defendant, such as the defendant's age, education, mental capacity, background and experience, and his conduct at the time of the alleged waiver." Id. (citations omitted).

"Secondly, in order to fully assure that the defendant is informed of the risks of self-representation, the trial court should make him aware of the nature of the charge, the elements of the offense, the pleas and defenses available, the punishments which may be imposed, and all other facts essential to a broad understanding of the whole matter." Id. at 619, 673 P.2d at 1041 (citations omitted).

"Finally, the trial court should inform the defendant: of his right to counsel, whether private or appointed; that self-representation is detrimental to himself; that he will be required to follow all technical rules and substantive, procedural, and evidentiary law; that the prosecution will be represented by able counsel; that a disruption of the trial could lead to vacation of the right to self-representation; and that if voluntary self-representation occurs, the defendant may not afterward claim that he had inadequate representation." Id. at 620, 673 P.2d at 1041-42 (internal citations omitted).

In this case, although the Circuit Court informed Million that he had a right to representation and apprised him of the nature of the charges and punishments which may be imposed, the court failed to advise Million of the elements of offenses charged, the pleas and defenses available, the hazards of self-representation, that disruption at trial could lead to vacation of the right to self-representation, and that self-representation may not allow him to claim inadequate representation.

As Million points out on appeal, the Circuit Court made an attempt to examine Million about his education and work history, but not until after it examined and inquired about Million's waiver of his right to counsel, and without inquiry into his experience with the criminal justice system. Although such examination is "necessary to allow the trial court to determine the level and depth to which an explanation and inquiry must extend," we reject the proposition that, in every case, this query must precede the balance of the Dickson inquiry. See Dickson, 4 Haw. App. at 619, 673 P.2d at 1041. Yet, in this case, the circumstances warranted a more thorough, and perhaps an earlier, examination.

At the hearing in which Million waived his right to representation, the discussion regarding waiver of the right to counsel essentially began with:

> THE DEFENDANT: . . . I will be proceeding in this matter pro se, therefore I move this Court for a continuance of 90 days so I can produce my bill of particulars and bring forth all admissible evidence for the trial.
>
> THE COURT: Okay. Uh, so, Mr. Million, you'll be representing yourself is what you're saying?
>
> THE DEFENDANT: Yes, sir, along with ediclesia (phonetic).
>
> THE COURT: Along with what?
>
> THE DEFENDANT: Ediclesia (phonetic). I'll be receiving paralegal help from my flurries of motions, and, uh that is to - I'm in training right now and that is to proceed immediately.

This exchange -- which demonstrated an apparent misunderstanding of the nature of a bill of particulars, and included what appears to be unexplained and unexamined gibberish (reference to "ediclesia"), a nonsensical reference to paralegal help from flurries of motions, and a statement about being in some sort of training "right now" - should have alerted the Circuit Court that an especially thorough and careful inquiry might be necessary to establish that any waiver by Million was made knowingly and intelligently.

Later in the court's colloquy with Million, after identifying the charges without reading them verbatim or informing Million of the elements of the offenses, the discussion continued:

> THE COURT: . . . [A]s part of the discussion, I'm supposed to advise you of what possible defense there might be, but I don't know of any except for, uh, the State has the burden of proving the charges beyond a reasonable doubt.
>
> THE DEFENDANT: Thank you, Your Honor.
>
> THE COURT: So, you know, if they failed to do that then, uh, the jury would not enter verdicts of guilty in regard to these courts.
>
> THE DEFENDANT: If I may, Your Honor?
>
> THE COURT: Yes.
>
> THE DEFENDANT: Once my - once the additional witnesses are subpoenaed and my evidence brought forward, I, uh, I see this being resolved prior to trial and proceeding immediately with a bill of particulars in the matter.
>
> THE COURT: Okay.

Two aspects of this part of the discussion are troubling. First, although the Circuit Court could not have known of *all* of the potential evidence and defenses, based on the charges in the indictment and the "Notice of Defenses" filed by Million's prior counsel, the court could have identified certain available defenses, including self-defense. Second, Million again displayed a misapprehension of the proceedings to come, stating that his evidence would "resolve" the case *prior* to a

trial and repeating that he was going to proceed with a bill of particulars. The Circuit Court simply said, "Okay" and moved on. Although a trial court "is not required to give the defendant a short course in criminal law and procedure", this interchange contra-indicates that Million knew and understood the dangers and disadvantages of self-representation, which were not discussed except for the court's statement of its assumption of Million's knowledge. "I assume that, uh, you are aware that at least in theory a lawyer licensed to practice law in the State of Hawaii would have the knowledge and ability to represent you better than you probably could represent yourself[.]"

This court has thoroughly reviewed the record in this case, most particularly, the entirety of the Circuit Court's examination of Million. Based on this review, although not every Dickson factor need be discussed by a trial court in conjunction with a waiver, we conclude that there was not sufficient examination of Million to establish that he made a knowing and intelligent waiver of his right to counsel. Further, upon review, we cannot conclude that this error was harmless beyond a reasonable doubt. See Dickson, 4 Haw. App. at 623, 673 P.2d at 1043.

In light of the foregoing, we need not reach Million's second point of error.

Accordingly, we vacate the Circuit Court's December 16, 2010 Amended Judgment of Conviction and Probation Sentence and

remand for further proceedings consistent with this Summary Disposition Order.

    DATED: Honolulu, Hawai'i, November 30, 2012

On the briefs:

John M. Tonaki
Public Defender
James S. Tabe
Deputy Public Defender
for Defendant-Appellant

Charlene Y. Iboshi
Prosecuting Attorney
Jefferson R. Malate
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge